IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUERRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   20 CV 6763 |
| | ) | |
| CITY OF CHICAGO, OFFICER DIAZ, and OFFICER JIMENEZ, | ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, ROBERT GUERRA, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Amended Complaint against the Defendants, CITY OF CHICAGO, OFFICER DIAZ, and OFFICER JIMENEZ, states as follows:

**Nature of Action**

1.   This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on November 16, 2019.

**Jurisdiction and Venue**

2.   This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3.   At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4.   At all relevant times, CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants OFFICER DIAZ and OFFICER JIMENEZ.  Defendants OFFICER

1

DIAZ and OFFICER JIMENEZ were at all relevant times employed by Defendant CITY OF CHICAGO as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. Defendants OFFICER DIAZ and OFFICER JIMENEZ are being sued in their individual capacities with respect to the federal claims. The state claims against CITY OF CHICAGO are being advanced both on a *respondeat superior* basis, as that Defendant is the employer of Defendants OFFICER DIAZ and OFFICER JIMENEZ, and pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On November 16, 2019, the Plaintiff was located in a car that was parked in a parking lot at approximately Kostner and Congress, in Chicago, IL. The Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances. On that date, the Plaintiff was 17 years old.

7. As the Plaintiff sat in the car, he observed an interaction between Chicago police officers and a pedestrian. The Plaintiff decided to record that interaction with his iPhone XR. At that time, the Plaintiff had been in possession of that iPhone for approximately 9-10 months.

8. The Plaintiff stopped recording the interaction as it appeared nothing out of the ordinary was occurring. Shortly after he stopped recording, two Chicago police officers approached the Plaintiff's vehicle. The two officers that approached the Plaintiff were Defendants DIAZ and his partner, OFFICER JIMENEZ.

9. The Defendant Officers opened the car door, and directed the Plaintiff to exit the vehicle. The OFFICER JIMENEZ then began searching the vehicle.

10. At that point, the Plaintiff took out his iPhone and he began to record the Defendant Officers. In response, Defendant OFFICER DIAZ questioned the Plaintiff's actions by stating "f***ing recording?" to the Plaintiff. The Plaintiff told Defendant OFFICER DIAZ that he had the right to record.

11. In response to the Plaintiff's statement and actions, Defendant OFFICER DIAZ took the Plaintiff's iPhone, put the phone in DIAZ's pocket, handcuffed the Plaintiff, told the Plaintiff that DIAZ would "show you where you're at, you're in the 9th", and placed the Plaintiff in the back of a squad car.

12. Defendant DIAZ then entered the squad car, and DIAZ began to choke the 17-year-old Plaintiff as he was handcuffed.

13. Additionally, while the Plaintiff was handcuffed in the back of the squad car, DIAZ slammed the 17-year-old Plaintiff on the interior of the window of the squad car.

14. During this interaction, DIAZ told the Plaintiff that "you could have been on your way right now if you didn't take out your phone".

15. DIAZ's partner, OFFICER JIMENEZ, had a reasonable opportunity to prevent the harm and/or the unlawful behavior referenced above, but failed and/or declined to do so. Instead, he asked the Plaintiff "still talking s**t?".

16. Eventually, the Defendants released the Plaintiff from their custody. However, they refused to return the iPhone to the Plaintiff. The Defendant Officers told the Plaintiff that his iPhone was gone, and that he could not get it back.

17. Eventually, the Plaintiff went to a hospital to receive medical treatment for the physical injuries that he suffered due to his treatment by the Defendant Officers.

18. The November 16, 2019 use of force and stifling of the Plaintiff's right to speech by way of recording the Defendant Officers were done without legal justification and without probable cause. Similarly, the detention of the Plaintiff on November 16, 2019 was done without legal justification and without probable cause. Further, the confiscation of the Plaintiff's iPhone on November 16, 2019 was done without legal justification and without probable cause. All of the Defendants above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

## COUNT I - 42 U.S.C. §1983
### Free Speech/Right to Record Police – Officer Diaz

19. The Plaintiff re-alleges Paragraphs 1 through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

20. As described above, OFFICER DIAZ violated and/or interfered with the Plaintiff's right to record the Defendant Officers in a public place as they were performing their duties.

21. The misconduct was undertaken by OFFICER DIAZ under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

22. The acts of OFFICER DIAZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

23. As a direct and proximate result of the acts of OFFICER DIAZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, OFFICER DIAZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT II - 42 U.S.C. §1983
### Excessive Force – Officer Diaz

24. The Plaintiff re-alleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

25. As described above, OFFICER DIAZ used excessive, unreasonable and unwarranted force against the Plaintiff.

26. The misconduct was undertaken by OFFICER DIAZ under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

27. The acts of OFFICER DIAZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

28. As a direct and proximate result of the acts of OFFICER DIAZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, OFFICER DIAZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT III - 42 U.S.C. §1983
### Unreasonable Seizure of Person – Officer Diaz

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30. As described above, OFFICER DIAZ unreasonably seized and/or unlawfully detained the Plaintiff's person.

31. The misconduct was undertaken by OFFICER DIAZ under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

32. The acts of OFFICER DIAZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

33. As a direct and proximate result of the acts of OFFICER DIAZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, OFFICER DIAZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT IV - 42 U.S.C. §1983
### Unreasonable Seizure of Property – Officer Diaz

34. The Plaintiff re-alleges Paragraphs 1 through 33, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

35. As described above, OFFICER DIAZ unreasonably seized the Plaintiff's property.

6

36. The misconduct was undertaken by OFFICER DIAZ under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

37. The acts of OFFICER DIAZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

38. As a direct and proximate result of the acts of OFFICER DIAZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, OFFICER DIAZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT V - 42 U.S.C. §1983
### Failure to Intervene – OFFICER JIMENEZ

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

40. As described above, Defendant OFFICER JIMENEZ stood by and watched without intervening to prevent the aforesaid constitutional violations and/or deprivations to which the Plaintiff was subjected in violation of the United States Constitution, even though he had a reasonable opportunity to prevent the harm and/or the unlawful behavior referenced above, but failed and/or declined to do so.

41. The misconduct was undertaken by OFFICER JIMENEZ under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

7

42. The acts of OFFICER JIMENEZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

43. As a direct and proximate result of the acts of OFFICER JIMENEZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, OFFICER JIMENEZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT VI – Illinois State Law
### *Respondeat Superior* Battery – CITY OF CHICAGO

44. The Plaintiff re-alleges Paragraphs 1 through 43, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 44.

45. As described above, Defendant, CITY OF CHICAGO, by and through its employees, OFFICER DIAZ and OFFICER JIMENEZ, who were acting in the course and scope of their employment, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff without legal justification and/or probable cause.

46. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employees OFFICER DIAZ and OFFICER JIMENEZ, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

47. The above-referenced misconduct was undertaken by OFFICER DIAZ and OFFICER JIMENEZ under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendants OFFICER DIAZ and OFFICER JIMENEZ, CITY OF CHICAGO is liable to the Plaintiff for the Defendants', OFFICER DIAZ and OFFICER JIMENEZ, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT VII – Illinois State Law
### *Respondeat Superior* False Detention/Arrest – CITY OF CHICAGO

48. The Plaintiff re-alleges Paragraphs 1 through 47, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 48.

49. As described above, Defendant, CITY OF CHICAGO, by and through its employees, OFFICER DIAZ and OFFICER JIMENEZ, who were acting in the course and scope of their employment, detained and/or arrested the Plaintiff, or caused the Plaintiff to be detained and/or arrested, without a warrant, without probable cause and without legal justification. Due to the detention and/or arrest, the Plaintiff had his liberty to move about restrained by the Chicago employees.

50. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employees OFFICER DIAZ and OFFICER JIMENEZ, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and

9

has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

51. The above-referenced misconduct was undertaken by OFFICER DIAZ and OFFICER JIMENEZ under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendants OFFICER DIAZ and OFFICER JIMENEZ, CITY OF CHICAGO is liable to the Plaintiff for the Defendants', OFFICER DIAZ and OFFICER JIMENEZ, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

**COUNT VIII – Illinois State Law**
*Respondeat Superior* **Conversion – CITY OF CHICAGO**

52. The Plaintiff re-alleges Paragraphs 1 through 51, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 52.

53. As described above, Defendant, CITY OF CHICAGO, by and through its employees, OFFICER DIAZ and OFFICER JIMENEZ, who were acting in the course and scope of their employment, intentionally, and without justification, consent or authorization, deprived the Plaintiff of his personal property.

54. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employees OFFICER DIAZ and OFFICER JIMENEZ, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and

has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

55. The above-referenced misconduct was undertaken by OFFICER DIAZ and OFFICER JIMENEZ under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendants OFFICER DIAZ and OFFICER JIMENEZ, CITY OF CHICAGO is liable to the Plaintiff for the Defendants', OFFICER DIAZ and OFFICER JIMENEZ, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, ROBERT GUERRA, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## Count IX- Illinois State Law
## Indemnification - CITY OF CHICAGO

56. The Plaintiff re-alleges Paragraphs 1 through 55, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 56.

57. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

58. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, ROBERT GUERRA, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendants, OFFICER DIAZ and OFFICER JIMENEZ, and for whatever additional relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all Counts.

                    Respectfully Submitted by,

                    s/Basileios J. Foutris
                    BASILEIOS J. FOUTRIS
                    Attorney for Plaintiff
                    FOUTRIS LAW OFFICE, LTD.
                    53 W. Jackson, Suite 252
                    Chicago, IL 60604
                    312-212-1200
                    bfoutris@foutrislaw.com